UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR J. CLEMENS, JR. | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   vs. | ) | No. 4:10-CV-936 (CEJ) |
| | ) | |
| DELAWARE NORTH COMPANIES, INC., et al., | ) | |
| | ) | |
|     Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to remand. Defendants have moved to strike the motion as untimely, and have asked that sanctions be imposed against plaintiff.

Defendants' motion to strike will be denied. Plaintiff's motion to remand alleges that the Court does not have subject matter jurisdiction over this dispute. The thirty-day deadline under 28 U.S.C. § 1447(c) is not applicable to motions asserting lack of subject matter jurisdiction. Therefore, plaintiff's motion is not untimely.

However, plaintiff's contention that the Court lacks subject matter jurisdiction is without merit. In his fifth cause of action, plaintiff seeks an award of damages for what plaintiff believes to be patent or copyright infringement. In essence, plaintiff alleges that he developed a new "terminal screen design" and a "process of accounting coupons," both of which have since been incorporated and used by defendant. Plaintiff contends that, under patent and copyright laws, he should be considered an inventor or owner of these designs. Issues of inventorship present "sufficiently substantial questions of federal patent law to support jurisdiction under section 1338(a)." HIF Bio, Inc. v. Yung Shin Pharmaceuticals Indus. Co., Ltd., 600 F.3d 1347,

1353 (Fed. Cir. 2010). For this reason alone, plaintiff's motion to remand must be denied.

In support of their request for sanctions, defendants assert that plaintiff has vexatiously and unreasonably multiplied the proceedings in this matter. The Court notes that plaintiff has filed numerous motions within the past two weeks, several of which have been completely lacking in factual or legal support. For example, plaintiff filed a motion asking the Court to report the Clerk of Court to the U.S. Postal Inspector for what plaintiff believed to be criminal misconduct. The motion lacked any support outside of plaintiff's unsubstantiated opinions. After the Court denied the motion, plaintiff filed a motion alleging that the Court was obstructing justice by failing to report the matter to the postal inspector. Defendants' allege that, after this matter was removed to this Court, plaintiff continued to file motions in the state court as well.

Although there is cause to be concerned about plaintiff's conduct in this case, the Court will not grant defendants' request for sanctions at this time. However, plaintiff is warned that the Court will not tolerate the continued filing of frivolous motions or other actions that serve no purpose other than to delay the proceedings in this matter. Should plaintiff persist in such conduct, the Court may impose monetary or other sanctions, including dismissal of this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion [#33] to remand is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's motion [#34] for a hearing is **denied**.

**IT IS FURTHER ORDERED** that defendants' motion [#35] to strike and for sanctions is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of July, 2010.